JOSEPH C. LIBURT (STATE BAR NO. 155507)
jliburt@orrick.com
ORRICK, HERRINGTON & STUCLIFFE LLP
1000 Marsh Road
Menlo Park CA  94025
Telephone:  +1 650 614 7400
Facsimile:   +1 650 614 7401

KATIE E. BRISCOE (STATE BAR NO. 287629)
kbriscoe@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, CA 95814-4497
Telephone: +1 916 447 9200
Facsimile:   +1 916 329 4900

ANNIE H. CHEN (STATE BAR NO. 292032)
annie.chen@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
355 South Grand Avenue, Suite 2700
Los Angeles, CA  90071
Telephone:  +1 213 629 2020
Facsimile:   +1 213 612 2499

Attorneys for Defendant
US FOODS, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLORENCIO CRUZ, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>        v.<br><br>US FOODS, INC.; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No.<br><br>**DEFENDANT US FOODS, INC.'S NOTICE OF REMOVAL** |

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant US Foods, Inc. files this Notice of Removal pursuant to 28 U.S.C. §§ 1332(d) (the Class Action Fairness Act), and 1446(b) to effect removal of the above-captioned action, which was commenced in the Superior Court of the State of California in and for the County of Los Angeles. The removal is proper for the reasons stated below.

## I.   **BACKGROUND**

1.     On June 6, 2023, Plaintiff Florencio Cruz, individually and purportedly on behalf of all others similarly situated, filed a Complaint in the Superior Court of California for the County of Los Angeles, entitled "*Florencio Cruz v. US Foods, Inc.*, Case Number 23STCV12869. The allegations of the Complaint in the Action are incorporated by reference in this Notice of Removal without necessarily admitting any of them.

2.     Plaintiff brings various wage-and-hour claims stemming from his alleged employment with US Foods. *See generally* Complaint. The Complaint asserts causes of action on a class-wide basis for: (1) Failure to pay minimum wages (Cal. Lab. Code §§ 204, 1194, 1194.2, and 1197); (2) Failure to pay overtime compensation (Cal. Lab. Code §§ 1194, 1198); (3) Failure to provide meal periods (Cal. Lab. Code §§ 226.7, 512); (4) Failure to authorize and permit rest breaks (Cal. Lab. Code § 226.7); (5) Failure to indemnify necessary business expenses (Cal. Lab. Code § 2802); (6) Failure to timely pay final wages at termination (Cal. Lab. Code §§ 201-203); (7) Failure to provide accurate itemized wage statements (Cal. Lab. Code § 226); and (8) Unfair business practices (Cal. Bus & Prof. Code §§ 17200, *et seq*.). *Id.*

3.     Plaintiff contends that "[d]uring the statutory time period, Plaintiff was a non-exempt employee typically scheduled to work at least 5 days in a workweek

and typically in excess of 8 hours in a single workday." *Id*. ¶ 13. Plaintiff further alleges that "[t]hroughout the statutory period, [US Foods] failed to pay Plaintiff for all hours worked (including minimum wages and overtime wages), failed to provide Plaintiff with uninterrupted meal periods, failed to authorize and permit Plaintiff to take uninterrupted rest periods, failed to indemnify Plaintiff for necessary business expenses, failed to timely pay all final wages to Plaintiff when [US Foods'] terminated Plaintiff's employment, and failed to furnish accurate wage statements to Plaintiff." *Id*. ¶ 14. Plaintiff also alleges that "Plaintiff's experience working for [US Foods] was typical and illustrative." *Id*.

4.     Plaintiff further alleges that "[t]hroughout the statutory period, [US Foods] maintained a policy and practice of not paying Plaintiff and the [putative] Class for all hours worked, including all overtime wages." *Id*. ¶ 15. Specifically, Plaintiff contends that "Plaintiff and the [putative] Class were required to work "off the clock" and uncompensated." *Id*. Plaintiff alleges that (1) "Plaintiff and the [putative] Class were required to undergo COVID screening prior to clocking into work, off the clock and uncompensated;" (2) "Plaintiff and the [putative] Class were required to don[] and [d]off, and put on their uniform and be ready to work prior to clocking into work, uncompensated;" (3) "Plaintiff and the [putative] Class were required to wait in line in order to clock into work, and when returning from meal breaks, off the clock and uncompensated;" and (4) "after clocking out of work, Plaintiff and the [putative] Class were sometimes required to continue to work, including to refuel." *Id*. Plaintiff further alleges that as a result, "Plaintiff and the [putative] class are regularly required to work overtime hours." *Id*. ¶ 44.

5.     Plaintiff also alleges that "[t]hroughout the statutory period, [US Foods has] wrongfully failed to provide Plaintiff and the [putative] Class with legally compliant meal periods." *Id*. ¶ 16. Specifically, Plaintiff alleges US Foods "sometimes, but not always, required Plaintiff and the [putative] Class to work in excess of five consecutive hours a day without providing 30-minute, continuous,

uninterrupted, duty-free meal period for every five hours of work, or without compensating Plaintiff and the [putative] Class for meal periods that were not provided by the end of the fifth hour of work or tenth hour of work." *Id*. Plaintiff also contends that US Foods "did not adequately inform Plaintiff and the [putative] Class of their right to take a meal period by the end of the fifth hour of work, or, for shifts greater than 10 hours, by the end of the tenth hour of work." *Id*. Plaintiff further alleges that "[US Foods] regularly failed to provide Plaintiff and the [putative] Class with both meal periods as required by California law." *Id*. ¶ 51. Plaintiff alleges that "[a]ccordingly, [US Foods'] policy and practice was to not provide meal periods to Plaintiff and the [putative] Class in compliance with California law." *Id*. ¶ 16.

6.     Plaintiff alleges that "[t]hroughout the statutory period, [US Foods has] wrongfully failed to authorize and permit Plaintiff and the [putative] Class to take timely and duty-free rest periods." *Id*. ¶ 17. Specifically, Plaintiff alleges that US Foods "sometimes, but not always, required Plaintiff and the [putative] Class to work in excess of four consecutive hours a day without [US Foods] authorizing and permitting them to take a 10-minute, continuous and uninterrupted, rest period for every four hours of work (or major fraction of four hours), or without compensation Plaintiff and the [putative] Class for rest periods that were not authorized or permitted." *Id*. Plaintiff also contends that US Foods "did not adequately inform Plaintiff and the [putative] Class of their right to take a rest period" and "did not have adequate policies or practices permitting or authorizing rest periods" and "regarding the timing of rest periods." *Id*. Plaintiff alleges that "[a]ccordingly, US Foods' "policy and practice was to not authorize and permit Plaintiff and the [putative] Class to take rest periods in compliance with California law." *Id*.

7.     Plaintiff further alleges that "[t]hroughout the statutory period, [US Foods] wrongfully required Plaintiff and the [putative] Class to pay expenses that they incurred in direct discharge of their duties for [US Foods] without

reimbursement, such as the purchase of masks, and the use of personal cellular telephones for work purposes, without reimbursements." *Id.* ¶ 18.

8.    Plaintiff further contends that "[t]hroughout the statutory period, [US Foods] willfully failed to and refused to timely pay Plaintiff and the [putative] Class at the conclusion of their employment all wages for all minimum wages, overtime wages, meal period premium wages, and rest period premium wages." *Id.* ¶ 19. Specifically, Plaintiff alleges that US Foods "willfully failed and refused to timely pay Plaintiff and the [putative] Class at the conclusion of their employment all wages for all minimum wages, overtime wages, meal premium wages, and rest period premium wages." *Id.* Plaintiff also alleges that US Foods "did not pay Plaintiff and the [putative] Class their final paychecks immediately upon termination." *Id.*

9.    Plaintiff also contends that "[t]hroughout the statutory period, [US Foods] failed to furnish Plaintiff and the [putative] Class with accurate itemized wage statements showing all applicable hourly rates, and all gross and net wages earned (including correct hours worked, correct wages earned for hours worked, correct overtime hours worked, correct wages for meal periods that were not provided in accordance with California law, correct wages for rest periods that were not authorized and permitted to take in accordance with California law, and [US Foods'] address." *Id.* ¶ 20. Plaintiff further alleges that "[a]s a result of these violations of Labor Code § 226, the Plaintiff and the [putative] Class suffered injury." *Id.*

10.    As a result of the above-mentioned alleged violations, Plaintiff also alleges a derivative claim for violation of Business and Professions Code section 17200, *et seq.* (*Id.* ¶¶ 76-94).

## II.    <u>REMOVAL IS TIMELY</u>

11.    US Foods, through its agent for service of process, was served with the Summons and Complaint on June 19, 2023. The Summons and Complaint are

1 | attached hereto together with all other pleadings, process and orders served on US
2 | Foods as **Exhibit A**.

3 |      12.    This Notice of Removal is timely under any removal time period.  28
4 | U.S.C. § 1446(b); *SteppeChange LLC v. VEON Ltd.*, 354 F. Supp. 3d, 1041 (N.D.
5 | Cal. 2018) (formal service of process, measured from the service date according to
6 | state law, is a prerequisite for triggering the 30-day removal period); *Kuxhausen v.*
7 | *BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013) (thirty-day removal
8 | period not triggered by indeterminate complaint that "does not make clear whether
9 | the required jurisdictional elements are present").

10 | **III.   CLASS ACTION FAIRNESS ACT**

11 |      13.    US Foods removes this action based upon the Class Action Fairness
12 | Act of 2005, codified in 28 U.S.C. § 1332(d).  This Court has original jurisdiction
13 | of this action under § 1332(d)(2). As set forth below, this action is removable
14 | pursuant to 28 U.S.C. § 1441(a) because it is a class action in which at least one
15 | class member is a citizen of a state different from that of any one defendant, the
16 | proposed class exceeds 100 members, and the amount in controversy exceeds
17 | $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2)(A). Further, no
18 | defendant identified in the Complaint is a state, officer of a state, or a governmental
19 | agency. 28 U.S.C. § 1332(d)(5).

20 | ***DIVERSITY OF CITIZENSHIP***

21 |      14.    CAFA's diversity requirement is satisfied when at least one plaintiff is
22 | a citizen of a state in which none of the defendants are citizens. 28 U.S.C. §§
23 | 1332(d)(2), 1332(d)(5)(B), 1453(a).

24 |      15.    <u>Plaintiff's Citizenship</u>. Plaintiff alleges that he is a California resident
25 | and worked for US Foods in Los Angeles County as a fueler from January 2019 to
26 | the present. Complaint ¶¶ 7, 13. For diversity purposes, a person is a "citizen" of
27 | the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704
28 | F.2d 1088 (9th Cir. 1983). A person's domicile is the place he or she resides with

the intention to remain or to which he or she intends to return. *Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Residence is prima facie the domicile. *See Ayala v. Cox Automotive, Inc.*, 2016 WL 6561284, at *4 (C.D. Cal. 2016) (allegation that Plaintiff "is, and at all times mentioned in the Complaint was," a California resident "gives rise to a presumption that Plaintiff is a California citizen"); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). US Foods therefore alleges that Plaintiff is a citizen of California.

16.     US Foods' Citizenship. For diversity purposes, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is "where a corporation's officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010) (adopting "nerve center" test to determine corporation's principal place of business). The proper inquiry is to determine a corporation's "center of overall direction, control and coordination." *Id.*

17.     US Foods is now, and was at the time of the filing of the Complaint, a corporation incorporated under the laws of the State of Delaware. US Foods' principal place of business is currently, and was at the time of filing of the Complaint has been, Rosemont, Illinois. US Foods' corporate headquarters is located in Rosemont, Illinois. US Foods also maintains its corporate books and records in Rosemont, Illinois. US Foods' Board meetings are held in Rosemont, Illinois where the corporate offices are located. Therefore, US Foods is a citizen of Delaware and Illinois for the purposes of determining diversity of citizenship.

18.     Doe Defendant's Citizenship. The citizenship of fictitious defendants is disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *See* 28 U.S.C. § 1441(a); *see also Bryant v. Ford Motor Co.*, 886 F.2d 1526, 1528 (9th Cir. 1989), *cert. denied*, 493 U.S. 1076 (1990).

19.     Based on the Complaint, therefore, at least one member of the putative

1   class is a citizen of a state different from that of one defendant. *See* 28 U.S.C. §

2   1332(d)(2)(A) (requiring only "minimal diversity" under which "any member of a

3   class of plaintiffs is a citizen of a State different from any defendant")

4   ### *PROPOSED CLASS SIZE*

5   20.   CAFA's requirement that proposed class members be no less than 100

6   under 28 U.S.C. § 1332(d)(5)(B) is satisfied here because the alleged putative class

7   has more than 100 members.

8   21.   Plaintiff seeks to represent "[a]ll persons who worked for [US Foods]

9   in California as a non-exempt employee at any time during the period beginning

10   four years before the filing of the initial complaint in this action and ending when

11   notice to the Class is sent." Complaint ¶ 22. Plaintiff alleges that "the Class is

12   estimated to be greater than 100 individuals." *Id*. ¶ 26. US Foods' records show that

13   that there have been approximately 3,874 US Foods California non-exempt

14   employees from June 6, 2019 to the present.

15   ### *THE AMOUNT IN CONTROVERSY EXCEEDS $5 MILLION*

16   22.   In considering the amount in controversy, what matters is the amount

17   put in controversy by plaintiff's complaint, not what amount the defendant will

18   actually owe (if anything). "[T]he amount in controversy is simply an estimate of

19   the total amount in dispute, not a prospective assessment of defendant's liability."

20   *Lewis v. Verizon Comm., Inc*., 627 F.3d 395, 400 (9th Cir. 2010); *Korn v. Polo*

21   *Ralph Lauren*, 536 F.Supp.2d 1199, 1205 (E.D. Cal. 2008) ("Where a statutory

22   maximum is specified, courts may consider the maximum statutory penalty

23   available in determining whether the jurisdictional amount in controversy

24   requirement is met"). Consequently, the existence of a defense that may apply to

25   some or all of the claims is irrelevant. "[A]ffirmative defenses, counterclaims, and

26   potential offsets may not be invoked to demonstrate the amount-in-controversy is

27   actually less than the jurisdictional minimum." *Lara v. Trimac Transp. Servs. (W.)*

28   *Inc*., No. CV 10-4280-GHK (JCx), 2010 WL 3119366 at *3 (C.D. Cal. Aug. 6,

2010) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292, (1938) ("[T]he fact that it appears from the face of the complaint that the defendant has a valid defense, if asserted, to all or a portion of the claim . . . will not justify remand.")). If the rule were otherwise, then a court would need to decide the merits before deciding the jurisdictional issue, which is plainly untenable. *Lara*, 2010 WL 3119366 at *3, quoting *Larsen v. Hofman*, 444 F. Supp. 245 (D.D.C. 1977) ("Jurisdictional determinations would otherwise have to await the outcome of trial on the merits in which counterclaims, set-offs, etc. may or may not be raised and, even if raised, may ultimately be demonstrated to be invalid").

23.    The amount in controversy in this proposed class action exceeds, in the aggregate, $5,000,000, exclusive of interest and costs. US Foods denies Plaintiff's claims in their entirety and asserts that Plaintiff's claims are not amenable to class treatment, but provides the following analysis of potential damages (without admitting liability) based on the allegations in Plaintiff's Complaint in order to demonstrate that Plaintiff's Complaint puts a sufficient amount "in controversy" to warrant removal under 28 U.S.C. § 1332(d).

24.    Plaintiff seeks to recover, among many things, unpaid wages, unpaid reimbursement of business expenses, restitution, meal period and rest break premiums, liquidated damages, penalties under the Labor Code, injunctive relief, and attorneys' fees, costs, and prejudgment interest based on the allegations US Foods violated various wage-and-hour laws. *See* Complaint, Prayer for Relief.

25.    Plaintiff's Complaint is silent as to the total amount of damages claimed. When the amount in controversy is not readily apparent from a complaint, "the court may consider facts in the removal petition" to determine the potential damages at issue. *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (*quoting Singer v. State Farm Mut. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). A defendant must provide "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v.*

*Owens*, 574 U.S. 81, 89 (2014); *see also Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197-98 (9th Cir. 2015) ("[A] defendant can establish the amount in controversy by an unchallenged, plausible assertion of the amount in controversy in its notice of removal."). The defendant's amount in controversy allegation should be accepted when not contested by the plaintiff or questioned by the court. *Dart*, 574 U.S. at 87. Thus, US Foods in this case is only required to allege plausibly that the amount in controversy exceeds $5,000,000.

26.     Statutory penalties may be considered by the Court when determining the amount in controversy. *See Chabner v. United of Omaha Life Ins. Co.,* 225 F.3d 1042, 1046 n.3 (9th Cir. 2000); *Korn v. Polo Ralph Lauren*, 536 F.Supp.2d 1199, 1205 (E.D. Cal. 2008) ("Where a statutory maximum is specified, courts may consider the maximum statutory penalty available in determining whether the jurisdictional amount in controversy requirement is met."). The Court should also include requests for attorneys' fees in determining the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

27.     US Foods' records show that during the proposed class period from June 6, 2019 to the present, US Foods employed approximately 3,874 non-exempt employees in California. The approximate average hourly rate of pay for these US Foods non-exempt putative class members is $27.80 and the aggregate number of workweeks for these non-exempt putative class members is approximately 342,281 workweeks. From June 6, 2020 to the present, approximately 1,678 US Foods non-exempt employees in California separated from employment with US Foods.

28.     <u>Alleged Failure to Pay Minimum and Overtime Wages</u>: Plaintiff's first cause of action for failure to pay minimum wage and second cause of action for failure to pay overtime wages alleges that "[t]hroughout the statutory period, [US Foods] maintained a policy and practice of not paying Plaintiff and the [putative] Class for all hours worked, including all overtime wages." Complaint ¶ 15

29.     Specifically, Plaintiff contends that "Plaintiff and the [putative] Class

were required to work "off the clock" and uncompensated." *Id.* Plaintiff alleges that (1) "Plaintiff and the [putative] Class were required to undergo COVID screening prior to clocking into work, off the clock and uncompensated;" (2) "Plaintiff and the [putative] Class were required to don[] and [d]off, and put on their uniform and be ready to work prior to clocking into work, uncompensated;" (3) "Plaintiff and the [putative] Class were required to wait in line in order to clock into work, and when returning from meal breaks, off the clock and uncompensated;" and (4) "after clocking out of work, Plaintiff and the [putative] Class were sometimes required to continue to work, including to refuel." *Id.* Plaintiff further alleges that as a result, "Plaintiff and the [putative] class are ***regularly*** required to work overtime hours." *Id*. ¶ 44 (emphasis added).

30.     Given Plaintiff's allegations about the uniform policy and practice of not paying Plaintiff and putative class members for all hours worked and that he and the putative class are "regularly" required to work overtime hours, US Foods conservatively assumes Plaintiff and each putative class member are claiming one hour of unpaid overtime every two workweeks (i.e., 30 minutes per week). The average hourly rate of pay for the putative class members is $27.80. There were approximately 342,281 work weeks. Accordingly, Plaintiff's claim for overtime wages over a four-year period puts at least **$7,136,558.85** in controversy for this claim. ([1 hour of overtime/2 workweeks] x [342,281 workweeks] x [1.5 x $27.80 hourly rate] = $7,136,558.85).

31.     <u>Alleged Failure to Provide Meal Periods</u>: Plaintiff's third cause of action for failure to provide meal periods alleges that "[US Foods'] policy and practice was to not provide meal periods to Plaintiff and the [putative] Class in compliance with California law" and that "[t]hroughout the statutory period, [US Foods has] wrongfully failed to provide Plaintiff and the [putative] Class with legally compliant meal periods." *Id.* ¶16.

32.     Specifically, Plaintiff further alleges that "[US Foods] ***regularly*** failed

to provide Plaintiff and the [putative] Class with both meal periods as required by California law." *Id.* ¶ 51 (emphasis added). Plaintiff also alleges US Foods "***sometimes, but not always***, required Plaintiff and the [putative] Class to work in excess of five consecutive hours a day without providing 30-minute, continuous, uninterrupted, duty-free meal period for every five hours of work, or without compensating Plaintiff and the [putative] Class for meal periods that were not provided by the end of the fifth hour of work or tenth hour of work." *Id.* (emphasis added). Plaintiff also contends that US Foods "did not adequately inform Plaintiff and the [putative] Class of their right to take a meal period by the end of the fifth hour of work, or, for shifts greater than 10 hours, by the end of the tenth hour of work." *Id.*

33.    Given Plaintiff's allegations about the uniform policy and practice of not providing meal periods to Plaintiff and the putative class members and that US Foods "regularly" and "sometimes, but not always" failed to provide Plaintiff and the putative class with their first and/or second meal periods as required by California law, US Foods conservatively assumes that Plaintiff alleges that he and each putative class member experienced at least one noncompliant first or second unpaid meal period every two workweeks for which they allege they are entitled to unpaid meal premiums. Using the aggregate number of workweeks and the average hourly rate of pay for the putative class members, the total amount of meal premiums that Plaintiff is alleging would result in potential liability of approximately **$4,757,705.90**. ([1 meal violation/2 workweeks] x [342,281 workweeks] x [$27.80 hourly rate for meal period premiums] = $4,757,705.90).

34.    <u>Alleged Failure to Authorize and Permit Rest Breaks</u>: Plaintiff's fourth cause of action for failure to authorize and permit rest breaks alleges that "[US Foods'] policy and practice was to not authorize and permit Plaintiff and the [putative] Class to take rest periods in compliance with California law" and that "[t]hroughout the statutory period, [US Foods has] wrongfully failed to authorize

and permit Plaintiff and the [putative] Class to take timely and duty-free rest periods." *Id.* ¶17.

35.     Specifically, Plaintiff alleges that US Foods "***sometimes, but not always***, required Plaintiff and the [putative] Class to work in excess of four consecutive hours a day without [US Foods] authorizing and permitting them to take a 10-minute, continuous and uninterrupted, rest period for every four hours of work (or major fraction of four hours), or without compensation Plaintiff and the [putative] Class for rest periods that were not authorized or permitted." *Id*. Plaintiff also contends that US Foods "did not adequately inform Plaintiff and the [putative] Class of their right to take a rest period" and "did not have adequate policies or practices permitting or authorizing rest periods" and "regarding the timing of rest periods." *Id.*

36.     Given Plaintiff's allegations about the uniform policy and practice of not authorizing and permitting rest breaks to Plaintiff and the putative class members and that US Foods "sometimes, but not always" required Plaintiff and the putative class to work in excess of four consecutive hours without a 10-minute rest break, US Foods conservatively assumes that Plaintiff alleges that he and each putative class member experienced at least one noncompliant first or second rest break every two workweeks for which they allege they are entitled to unpaid rest premiums. Using the aggregate number of workweeks and the average hourly rate of pay for the putative class members, the total amount of rest break premiums that Plaintiff is alleging would result in potential liability of approximately **$4,757,705.90**. ([1 rest break violation/2 workweeks] x [342,281 workweeks] x [$27.80 hourly rate for rest break premiums] = $4,757,705.90).

37.     <u>Alleged Failure to Timely Pay Final Wages at Termination</u>: Plaintiff's sixth cause of action for failure to timely pay all wages at termination alleges that "[t]hroughout the statutory period, [US Foods] willfully failed to and refused to timely pay Plaintiff and the [putative] Class at the conclusion of their employment

all wages for all minimum wages, overtime wages, meal period premium wages, and rest period premium wages." *Id*. ¶ 19. Specifically, Plaintiff alleges that US Foods "willfully failed and refused to timely pay Plaintiff and the [putative] Class at the conclusion of their employment all wages for all minimum wages, overtime wages, meal premium wages, and rest period premium wages." *Id.* Plaintiff also alleges that US Foods "did not pay Plaintiff and the [putative] Class their final paychecks immediately upon termination." *Id.* Plaintiff alleges that he and the putative class "are entitled to recover from [US Foods] their additionally accruing wages for each day they were not paid, at their regular hourly rate of pay, up to 30 days maximum pursuant to California Labor Code § 203." *Id.* ¶ 66.

38.     Given Plaintiff's allegations about the uniform policies and practices of alleged failure to pay Plaintiff and putative class members for all minimum wages, overtime wages, meal period premiums and rest break premiums, US Foods assumes that each putative class member leaving employment would claim to have experienced at least one incident resulting in underpayment during their employment.

39.     US Foods records show that at approximately 1,678 US Foods non-exempt employees in California ended their employment with US Foods from June 6, 2020 through the present.

40.     Estimating that each of those US Foods non-exempt employees worked an average of only eight hours per day at the approximate average hourly rate of pay of $27.80, and assuming that these employees all claim entitlement to the 30-days' worth of penalties, Plaintiff's claim would result in an amount in controversy of approximately **$11,195,616**. (1,678 former employees x [8 hours x $27.80 final hourly rate of pay] x 30 days = $11,195,616).

41.     As the calculations above demonstrate, there is well over $5 million in controversy in this action: $7,136,558.85 (overtime) + $4,757,705.90 (meal period premiums) + $4,757,705.90 (rest break premiums) + $11,195,616 (waiting time

penalties) = **$27,847,586.65**. The amount in controversy does not address Plaintiff's fifth cause of action for failure to indemnify necessary business expenses; and seventh cause of action for failure to provide accurate, itemized wage statements.

42.     The amount in controversy is also satisfied without addressing potential attorneys' fees, which are provided by statute and in the Ninth Circuit typically are 25% of any judgment in favor of the plaintiff. *See Altamirano v. Shaw Industries, Inc.*, 2013 WL 2950600, at *13 (N.D. Cal., June 14, 2013) (for CAFA amount in controversy, adding 25% of the amount in controversy on the claims for relief to account for attorneys' fees). Here, including potential attorneys' fees would increase the amount in controversy by an additional **$6,961,896.66**. ($27,847,586.65 amount in controversy x .25 = $6,961,896.66).  CAFA's amount-in-controversy requirement is easily satisfied.

**V.     VENUE**

43.     Venue lies in the Central District of California pursuant to 28 U.S.C. §§ 1441(a), 1446(a), and 84(c)(2). This action was originally brought in the Superior Court of the State of California, County of Los Angeles, which is embraced by the Central District of California.

**VI.    NOTICE OF REMOVAL**

44.     This Notice of Removal shall be served promptly on Plaintiff's Counsel of Record and filed with the Clerk of the Superior Court of the State of California in and for the County of Los Angeles.

1  Dated:      July 19, 2023                    JOSEPH C. LIBURT
2                                               KATIE E. BRISCOE
                                                ANNIE H. CHEN
3                                               Orrick, Herrington & Sutcliffe LLP

4
                                                By:_____/s/ Annie H. Chen_____
5                                                        ANNIE H. CHEN
                                                    Attorneys for Defendant
6                                                   US FOODS, INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY<br>
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

US FOODS, INC.; and DOES 1 through 10, inclusive,

**Electronically FILED by
Superior Court of California,
County of Los Angeles
6/06/2023 5:33 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By R. Lozano, Deputy Clerk**

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

FLORENCIO CRUZ, individually, and on behalf of all others similarly situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Los Angeles

111 N. Hill Street, Los Angeles 90012

CASE NUMBER:
*(Número del Caso):*

**23STCV12869**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kane Moon, MOON & YANG APC, 1055 W. 7th Street, Suite 1880, Los Angeles, CA 90017 (213) 232-3128

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* 06/06/2023 | Clerk, by David W. Slayton, Executive Officer/Clerk of Court<br>*(Secretario)* R. Lozano | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* US FOODS, INC.

   under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ]  [ Save this form ]  [ Clear this form ]

1

Kane Moon (SBN 249834)
    E-mail: kane.moon@moonyanglaw.com
Lilit Ter-Astvatsatryan (SBN 320389)
    E-mail: lilit@moonyanglaw.com
Edwin Kamarzarian (SBN 327830)
    E-mail: edwin.kamarzarian@moonyanglaw.com
**MOON & YANG, APC**
1055 W. Seventh St., Suite 1880
Los Angeles, California 90017
Telephone: (213) 232-3128
Facsimile: (213) 232-3125

Attorneys for Plaintiff Florencio Cruz

Electronically FILED by
Superior Court of California,
County of Los Angeles
6/06/2023 5:33 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By R. Lozano, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

FLORENCIO CRUZ, individually, and on behalf of all others similarly situated,

    Plaintiff,

    vs.

US FOODS, INC.; and DOES 1 through 10, inclusive,

    Defendants

Case No.: 23STCV12869

**CLASS ACTION COMPLAINT:**

1. Failure to Pay Minimum Wages [Cal. Lab. Code §§ 204, 1194, 1194.2, and 1197];
2. Failure to Pay Overtime Compensation [Cal. Lab. Code §§ 1194 and 1198];
3. Failure to Provide Meal Periods [Cal. Lab. Code §§ 226.7, 512];
4. Failure to Authorize and Permit Rest Breaks [Cal. Lab. Code §§ 226.7];
5. Failure to Indemnify Necessary Business Expenses [Cal. Lab. Code § 2802];
6. Failure to Timely Pay Final Wages at Termination [Cal. Lab. Code §§ 201-203];
7. Failure to Provide Accurate Itemized Wage Statements [Cal. Lab. Code § 226]; and
8. Unfair Business Practices [Cal. Bus. & Prof. Code §§ 17200, et seq.].

**DEMAND FOR JURY TRIAL**

CLASS ACTION COMPLAINT

## **TABLE OF CONTENTS**

INTRODUCTION & PRELIMINARY STATEMENT ................................................................ 1

THE PARTIES ................................................................................................................. 3

    A.   Plaintiff .......................................................................................................... 3

    B.   Defendants .................................................................................................... 3

ALLEGATIONS COMMON TO ALL CAUSES OF ACTION ............................................. 4

CLASS ACTION ALLEGATIONS ...................................................................................... 7

FIRST CAUSE OF ACTION ............................................................................................ 11

SECOND CAUSE OF ACTION ....................................................................................... 13

THIRD CAUSE OF ACTION ........................................................................................... 14

FOURTH CAUSE OF ACTION ....................................................................................... 15

FIFTH CAUSE OF ACTION ........................................................................................... 16

SIXTH CAUSE OF ACTION ........................................................................................... 16

SEVENTH CAUSE OF ACTION ...................................................................................... 17

EIGHTH CAUSE OF ACTION ........................................................................................ 19

PRAYER FOR RELIEF ................................................................................................... 21

DEMAND FOR JURY TRIAL ......................................................................................... 25

1  Plaintiff Florencio Cruz to have evidentiary support after a reasonable opportunity for

2  further investigation and discovery, alleges as follows:

3  **INTRODUCTION & PRELIMINARY STATEMENT**

4  1.    Plaintiff brings this action against Defendants US Foods, Inc. and Does 1 through

5  10 (collectively referred to as "Defendants") for California Labor Code violations and unfair

6  business practices stemming from Defendants' failure to pay minimum wages, failure to pay

7  overtime wages, failure to provide meal periods, failure to authorize and permit rest periods,

8  failure to maintain accurate records of hours worked and meal periods, failure to timely pay all

9  wages to terminated employees, failure to indemnify necessary business expenses, and failure to

10  furnish accurate wage statements.

11  2.    Plaintiff brings the First through Eighth Causes of Action individually and as a

12  class action on behalf of himself and certain current and former employees of Defendants

13  (hereinafter collectively referred to as the "Class" or "Class Members" and defined more fully

14  below).  The Class consists of Plaintiff and all other persons who have been employed by any

15  Defendants in California as an hourly-paid, non-exempt employee during the statute of

16  limitations period applicable to the claims pleaded here.

17  3.    Defendants own/owned and operate/operated an industry, business, and

18  establishment within the State of California, including Los Angeles County. As such, and based

19  upon all the facts and circumstances incident to Defendants' business in California, Defendants

20  are subject to the California Labor Code, Wage Orders issued by the Industrial Welfare

21  Commission ("IWC"), and the California Business & Professions Code.

22  4.    Despite these requirements, throughout the statutory period Defendants

23  maintained a systematic, company-wide policy and practice of:

24      (a)    Failing to pay employees for all hours worked, including all minimum

25            wages, and overtime wages in compliance with the California Labor Code

26            and IWC Wage Orders;

27      (b)    Failing to provide employees with timely and duty-free meal periods in

28            compliance with the California Labor Code and IWC Wage Orders, failing

1

CLASS ACTION COMPLAINT

to maintain accurate records of all meal periods taken or missed, and failing to pay an additional hour's pay for each workday a meal period violation occurred;

(c)   Failing to authorize and permit employees to take timely and duty-free rest periods in compliance with the California Labor Code and IWC Wage Orders, and failing to pay an additional hour's pay for each workday a rest period violation occurred;

(d)   Failing to indemnify employees for necessary business expenses incurred;

(e)   Willfully failing to pay employees all minimum wages, overtime wages, meal period premium wages, and rest period premium wages due within the time period specified by California law when employment terminates; and

(f)   Failing to maintain accurate records of the hours that employees worked.

(g)   Failing to provide employees with accurate, itemized wage statements containing all the information required by the California Labor Code and IWC Wage Orders.

5.     On information and belief, Defendants, and each of them were on actual and constructive notice of the improprieties alleged herein and intentionally refused to rectify their unlawful policies.  Defendants' violations, as alleged above, during all relevant times herein were willful and deliberate.

6.     At all relevant times, Defendants were and are legally responsible for all of the unlawful conduct, policies, practices, acts and omissions as described in each and all of the foregoing paragraphs as the employer of Plaintiff and the Class.  Further, Defendants are responsible for each of the unlawful acts or omissions complained of herein under the doctrine of "respondeat superior".

## THE PARTIES

### A.   Plaintiff

7.     Plaintiff is a California resident that worked for Defendants in the County of Los Angeles, State of California, as a fueler from approximately January 2019 to the present.

8.     Plaintiff reserves the right to seek leave to amend this complaint to add new plaintiffs, if necessary, in order to establish suitable representative(s) pursuant to *La Sala v. American Savings and Loan Association* (1971) 5 Cal.3d 864, 872, and other applicable law.

### B.   Defendants

9.     Plaintiff is informed and believes, and based upon that information and belief alleges, that Defendant US Foods, Inc. is:

(a)    A corporation with its principal place of business in Los Angeles, California.

(b)    A business entity conducting business in numerous counties throughout the State of California, including in Los Angeles County; and

(c)    The former employer of Plaintiff, and the current and/or former employer of the putative Class. Defendants suffered and permitted Plaintiff and the Class to work, and/or controlled their wages, hours, or working conditions.

10.    Plaintiff does not currently know the true names or capacities of the persons or entities sued herein as Does 1-10, inclusive, and therefore sues said Defendants by such fictitious names. Each of the Doe Defendants was in some manner legally responsible for the damages suffered by Plaintiff and the Class as alleged herein. Plaintiff will amend this complaint to set forth the true names and capacities of these Defendants when they have been ascertained, together with appropriate charging allegations, as may be necessary.

11.    At all times mentioned herein, the Defendants named as Does 1-10, inclusive, and each of them, were residents of, doing business in, availed themselves of the jurisdiction of, and/or injured a significant number of the Plaintiff and the Class in the State of California.

12.    Plaintiff is informed and believes and thereon alleges that at all relevant times each Defendant, directly or indirectly, or through agents or other persons, employed Plaintiff and

CLASS ACTION COMPLAINT

the other employees described in the class definitions below, and exercised control over their wages, hours, and working conditions. Plaintiff is informed and believes and thereon alleges that, at all relevant times, each Defendant was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below. Plaintiff is informed and believes and thereon alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, that each Defendant knew or should have known about, and authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

13.    Plaintiff is a California resident who worked for Defendants in the County of Los Angeles, State of California, as a fueler during the statutory period. During the statutory time period, Plaintiff was a non-exempt employee, and was typically scheduled to work at least 5 days in a workweek, and typically in excess of 8 hours in a single workday.

14.    Throughout the statutory period, Defendants failed to pay Plaintiff for all hours worked (including minimum wages and overtime wages), failed to provide Plaintiff with uninterrupted meal periods, failed to authorize and permit Plaintiff to take uninterrupted rest periods, failed to indemnify Plaintiff for necessary business expenses, failed to timely pay all final wages to Plaintiff when Defendants terminated Plaintiff's employment, and failed to furnish accurate wage statements to Plaintiff. As discussed below, Plaintiff's experience working for Defendants was typical and illustrative.

15.    Throughout the statutory period, Defendants maintained a policy and practice of not paying Plaintiff and the Class for all hours worked, including all overtime wages. Plaintiff and the Class were required to work "off the clock" and uncompensated. For example, Plaintiff and the Class were required to wait in line in order to pass through security with his vehicle, uncompensated. Also, Plaintiff and the Class were required to undergo COVID screening prior to

CLASS ACTION COMPLAINT

clocking into work, off the clock and uncompensated. Also, Plaintiff and the Class were required
to donn and off, and put on their uniform and be ready to work prior to clocking into work,
uncompensated. Also, Plaintiff and the Class were required to  clock into work each workday and
when returning from meal breaks, off the clock and uncompensated. Also, Plaintiff and the Class
were required to undergo COVID screening prior to clocking into work, off the clock and
uncompensated. Also, Plaintiff and the Class were required to wait in line in order to clock into
work, and when returning from meal breaks, off the clock and uncompensated. Also, after
clocking out of work, Plaintiff and the Class were sometimes required to continue to work,
including to refuel.

16.     Throughout the statutory period, Defendants have wrongfully failed to provide
Plaintiff and the Class with legally compliant meal periods.  Defendants sometimes, but not
always, required Plaintiff and the Class to work in excess of five consecutive hours a day without
providing 30-minute, continuous and uninterrupted, duty-free meal period for every five hours of
work, or without compensating Plaintiff and the Class for meal periods that were not provided by
the end of the fifth hour of work or tenth hour of work. Defendants also did not adequately
inform Plaintiff and the Class of their right to take a meal period by the end of the fifth hour of
work, or, for shifts greater than 10 hours, by the end of the tenth hour of work. Defendants also
failed to accurately record meal periods. Accordingly, Defendants' policy and practice was to not
provide meal periods to Plaintiff and the Class in compliance with California law.

17.     Throughout the statutory period, Defendants have wrongfully failed to authorize
and permit Plaintiff and the Class to take timely and duty-free rest periods.  Defendants
sometimes, but not always, required Plaintiff and the Class to work in excess of four consecutive
hours a day without Defendants authorizing and permitting them to take a 10-minute, continuous
and uninterrupted, rest period for every four hours of work (or major fraction of four hours), or
without compensating Plaintiff and the Class for rest periods that were not authorized or
permitted.  Defendants also did not adequately inform Plaintiff and the Class of their right to take
a rest period.  Moreover, Defendants did not have adequate policies or practices permitting or
authorizing rest periods for Plaintiff and the Class, nor did Defendants have adequate policies or

practices regarding the timing of rest periods. Defendants also did not have adequate policies or practices to verify whether Plaintiff and the Class were taking their required rest periods. Further, Defendants did not maintain accurate records of employee work periods, and therefore Defendants cannot demonstrate that Plaintiff and the Class took rest periods during the middle of each work period. Accordingly, Defendants' policy and practice was to not authorize and permit Plaintiff and the Class to take rest periods in compliance with California law.

18.    Throughout the statutory period, Defendants wrongfully required Plaintiff and the Class to pay expenses that they incurred in direct discharge of their duties for Defendants without reimbursement, such as the purchase of masks, and the use of personal cellular telephones for work purposes, without reimbursement.

19.    Throughout the statutory period, Defendants willfully failed and refused to timely pay Plaintiff and the Class at the conclusion of their employment all wages for all minimum wages, overtime wages, meal period premium wages, and rest period premium wages. Further, Defendants did not pay Plaintiff and the Class their final paychecks immediately upon termination.

20.    Throughout the statutory period, Defendants failed to furnish Plaintiff and the Class with accurate, itemized wage statements showing all applicable hourly rates, and all gross and net wages earned (including correct hours worked, correct wages earned for hours worked, correct overtime hours worked, correct wages for meal periods that were not provided in accordance with California law, correct wages for rest periods that were not authorized and permitted to take in accordance with California law, and Defendant's address). Further, the wage statements do not show Defendant's address as required by California law. As a result of these violations of California Labor Code § 226(a), the Plaintiff and the Class suffered injury because, among other things:

        (a)    the violations led them to believe that they were not entitled to be paid minimum wages, overtime wages, meal period premium wages, and rest period premium wages to which they were entitled, even though they were entitled;

(b)     the violations led them to believe that they had been paid the minimum, overtime, meal period premium, and rest period premium wages, even though they had not been;

(c)     the violations led them to believe they were not entitled to be paid minimum, overtime, meal period premium, and rest period premium wages at the correct California rate even though they were;

(d)     the violations led them to believe they had been paid minimum, overtime, meal period premium, and rest period premium wages at the correct California rate even though they had not been;

(e)     the violations hindered them from determining the amounts of minimum, overtime, meal period premium, and rest period premium owed to them;

(f)     in connection with their employment before and during this action, and in connection with prosecuting this action, the violations caused them to have to perform mathematical computations to determine the amounts of wages owed to them, computations they would not have to make if the wage statements contained the required accurate information;

(g)     by understating the wages truly due them, the violations caused them to lose entitlement and/or accrual of the full amount of Social Security, disability, unemployment, and other governmental benefits;

(h)     the wage statements inaccurately understated the wages, hours, and wages rates to which Plaintiff and the Class were entitled, and Plaintiff and the Class were paid less than the wages and wage rates to which they were entitled.

Thus, Plaintiff and the Class are owed the amounts provided for in California Labor Code § 226(e), including actual damages.

## CLASS ACTION ALLEGATIONS

21.     Plaintiff brings certain claims individually, as well as on behalf of each and all other persons similarly situated, and thus, seek class certification under California Code of Civil

CLASS ACTION COMPLAINT

Procedure § 382.

22.     All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

23.     The proposed Class consists of and is defined as:

> All persons who worked for any Defendant in California as an non-exempt employee at any time during the period beginning four years before the filing of the initial complaint in this action and ending when notice to the Class is sent.

24.     At all material times, Plaintiff was a member of the Class.

25.     Plaintiff undertakes this concerted activity to improve the wages and working conditions of all Class Members.

26.     There is a well-defined community of interest in the litigation and the Class is readily ascertainable:

    (a)     <u>Numerosity</u>:  The members of the Class (and each subclass, if any) are so numerous that joinder of all members would be unfeasible and impractical. The membership of the entire Class is unknown to Plaintiff at this time, however, the Class is estimated to be greater than 100 individuals and the identity of such membership is readily ascertainable by inspection of Defendants' records.

    (b)     <u>Typicality</u>:  Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom there is a shared, well-defined community of interest, and Plaintiff's claims (or defenses, if any) are typical of all Class Members' claims as demonstrated herein.

    (c)     <u>Adequacy</u>:  Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom there is a shared, well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiff has no conflicts with or interests antagonistic to any Class Member.  Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement.

CLASS ACTION COMPLAINT

Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

(d)  Superiority:  A Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

   1)  The interests of the members of the Class in individually controlling the prosecution or defense of separate actions;

   2)  The extent and nature of any litigation concerning the controversy already commenced by or against members of the Class;

   3)  The desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

   4)  The difficulties likely to be encountered in the management of a class action.

(e)  Public Policy Considerations:  The public policy of the State of California is to resolve the California Labor Code claims of many employees through a class action.  Indeed, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are also fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means.  Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights at the same time as their privacy is protected.

27.    There are common questions of law and fact as to the Class (and each subclass, if any) that predominate over questions affecting only individual members, including without limitation, whether, as alleged herein, Defendants have:

(a)   Failed to pay Class Members for all hours worked, including minimum wages, and overtime wages;

(b)   Failed to provide meal periods and pay meal period premium wages to Class Members;

(c)   Failed to authorize and permit rest periods and pay rest period premium wages to Class Members;

(d)   Failed to promptly pay all wages due to Class Members upon their discharge or resignation;

(e)   Failed to maintain accurate records of all hours Class Members worked, and all meal periods Class Members took or missed;

(f)   Failed to reimburse Class Members for all necessary business expenses; and

(g)   Violated California Business & Professions Code §§ 17200 *et. seq.* as a result of their illegal conduct as described above.

28.   This Court should permit this action to be maintained as a class action pursuant to California Code of Civil Procedure § 382 because:

(a)   The questions of law and fact common to the Class predominate over any question affecting only individual members;

(b)   A class action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the Class;

(c)   The members of the Class are so numerous that it is impractical to bring all members of the class before the Court;

(d)   Plaintiff, and the other members of the Class, will not be able to obtain effective and economic legal redress unless the action is maintained as a class action;

(e)   There is a community of interest in obtaining appropriate legal and equitable relief for the statutory violations, and in obtaining adequate compensation for the damages and injuries for which Defendants are

CLASS ACTION COMPLAINT

responsible in an amount sufficient to adequately compensate the members of the Class for the injuries sustained;

(f)    Without class certification, the prosecution of separate actions by individual members of the class would create a risk of:

1)    Inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants; and/or

2)    Adjudications with respect to the individual members which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests, including but not limited to the potential for exhausting the funds available from those parties who are, or may be, responsible Defendants; and,

(g)    Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive relief appropriate with respect to the class as a whole.

29.    Plaintiff contemplates the eventual issuance of notice to the proposed members of the Class that would set forth the subject and nature of the instant action. The Defendants' own business records may be utilized for assistance in the preparation and issuance of the contemplated notices. To the extent that any further notices may be required, Plaintiff would contemplate the use of additional techniques and forms commonly used in class actions, such as published notice, e-mail notice, website notice, first-class mail, or combinations thereof, or by other methods suitable to the Class and deemed necessary and/or appropriate by the Court.

## FIRST CAUSE OF ACTION

**(Against all Defendants for Failure to Pay Minimum Wages for All Hours Worked)**

30.    Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 20 in this Complaint.

31. "Hours worked" is the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so.

32. At all relevant times herein mentioned, Defendants knowingly failed to pay to Plaintiff and the Class compensation for all hours they worked. By their failure to pay compensation for each hour worked as alleged above, Defendants willfully violated the provisions of Section 1194 of the California Labor Code, and any additional applicable Wage Orders, which require such compensation to non-exempt employees.

33. Accordingly, Plaintiff and the Class are entitled to recover minimum wages for all non-overtime hours worked for Defendants.

34. By and through the conduct described above, Plaintiff and the Class have been deprived of their rights to be paid wages earned by virtue of their employment with Defendants.

35. By virtue of the Defendants' unlawful failure to pay additional compensation to Plaintiff and the Class for their non-overtime hours worked without pay, Plaintiff and the Class suffered, and will continue to suffer, damages in amounts which are presently unknown to Plaintiff and the Class, but which exceed the jurisdictional minimum of this Court, and which will be ascertained according to proof at trial.

36. By failing to keep adequate time records required by California Labor Code § 1174(d), Defendants have made it difficult to calculate the full extent of minimum wage compensation due Plaintiff and the Class.

37. Pursuant to California Labor Code section 1194.2, Plaintiff and the Class are entitled to recover liquidated damages (double damages) for Defendants' failure to pay minimum wages.

38. California Labor Code section 204 requires employers to provide employees with all wages due and payable twice a month. Throughout the statute of limitations period applicable to this cause of action, Plaintiff and the Class were entitled to be paid twice a month at rates required by law, including minimum wages. However, during all such times, Defendants

1    systematically failed and refused to pay Plaintiff and the Class all such wages due, and failed to

2    pay those wages twice a month.

3        39.    Plaintiff and the Class are also entitled to seek recovery of all unpaid minimum

4    wages, interest, and reasonable attorneys' fees and costs pursuant to California Labor Code §§

5    218.5, 218.6, and 1194(a).

6                          **SECOND CAUSE OF ACTION**

7             **(Against all Defendants for Failure to Pay Overtime Wages)**

8        40.    Plaintiff incorporates by reference and re-alleges as if fully stated herein

9    paragraphs 1 through 20 in this Complaint.

10       41.    California Labor Code § 510 provides that employees in California shall not be

11   employed more than eight (8) hours in any workday or forty (40) hours in a workweek unless

12   they receive additional compensation beyond their regular wages in amounts specified by law.

13       42.    California Labor Code §§ 1194 and 1198 provide that employees in California

14   shall not be employed more than eight hours in any workday unless they receive additional

15   compensation beyond their regular wages in amounts specified by law.  Additionally, California

16   Labor Code § 1198 states that the employment of an employee for longer hours than those fixed

17   by the Industrial Welfare Commission is unlawful.

18       43.    At all times relevant hereto, Plaintiff and the Class have worked more than eight

19   hours in a workday, as employees of Defendants.

20       44.    At all times relevant hereto, Defendants failed to pay Plaintiff and the Class

21   overtime compensation for the hours they have worked in excess of the maximum hours

22   permissible by law as required by California Labor Code § 510 and 1198.  Plaintiff and the Class

23   are regularly required to work overtime hours.

24       45.    By virtue of Defendants' unlawful failure to pay additional premium rate

25   compensation to the Plaintiff and the Class for their overtime hours worked, Plaintiff and the

26   Class have suffered, and will continue to suffer, damages in amounts which are presently

27   unknown to them but which exceed the jurisdictional minimum of this Court and which will be

28   ascertained according to proof at trial.

---

                                13
                        CLASS ACTION COMPLAINT

46.     By failing to keep adequate time records required by Labor Code § 1174(d), Defendants have made it difficult to calculate the full extent of overtime compensation due to Plaintiff and the Class.

47.     Plaintiff and the Class also request recovery of overtime compensation according to proof, interest, attorneys' fees and costs pursuant to California Labor Code § 1194(a), as well as the assessment of any statutory penalties against Defendants, in a sum as provided by the California Labor Code and/or other statutes.

48.     California Labor Code § 204 requires employers to provide employees with all wages due and payable twice a month.  The Wage Orders also provide that every employer shall pay to each employee, on the established payday for the period involved, overtime wages for all overtime hours worked in the payroll period.  Defendants failed to provide Plaintiff and the Class with all compensation due, in violation of California Labor Code § 204.

### THIRD CAUSE OF ACTION

### (Against All Defendants for Failure to Provide Meal Periods)

49.     Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 20 in this Complaint.

50.     Under California law, Defendants have an affirmative obligation to relieve the Plaintiff and the Class of all duty in order to take their first daily meal periods no later than the start of Plaintiff and the Class' sixth hour of work in a workday, and to take their second meal periods no later than the start of the eleventh hour of work in the workday. Section 512 of the California Labor Code, and Section 11 of the applicable Wage Orders require that an employer provide unpaid meal periods of at least 30 minutes for each five-hour period worked.  It is a violation of Section 226.7 of the California Labor Code for an employer to require any employee to work during any meal period mandated under any Wage Order.

51.     Despite these legal requirements, Defendants regularly failed to provide Plaintiff and the Class with both meal periods as required by California law.  By their failure to permit and authorize Plaintiff and the Class to take all meal periods as alleged above (or due to the fact that Defendants made it impossible or impracticable to take these uninterrupted meal periods),

Defendants willfully violated the provisions of Section 226.7 of the California Labor Code and the applicable Wage Orders.

52.    Under California law, Plaintiff and the Class are entitled to be paid one hour of additional wages for each workday he or she was not provided with all required meal period(s), plus interest thereon.

## FOURTH CAUSE OF ACTION

### (Against All Defendants for Failure to Authorize and Permit Rest Periods)

53.    Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 20 in this Complaint.

54.    Defendants are required by California law to authorize and permit breaks of 10 uninterrupted minutes for each four hours of work or major fraction of four hours (i.e. more than two hours).  Section 512 of the California Labor Code, the applicable Wage Orders require that the employer permit and authorize all employees to take paid rest periods of 10 minutes each for each 4-hour period worked.  Thus, for example, if an employee's work time is 6 hours and ten minutes, the employee is entitled to two rest breaks.  Each failure to authorize rest breaks as so required is itself a violation of California's rest break laws.  It is a violation of Section 226.7 of the California Labor Code for an employer to require any employee to work during any rest period mandated under any Wage Order.

55.    Despite these legal requirements, Defendants failed to authorize Plaintiff and the Class to take rest breaks, regardless of whether employees worked more than 4 hours in a workday. By their failure to permit and authorize Plaintiff and the Class to take rest periods as alleged above (or due to the fact that Defendants made it impossible or impracticable to take these uninterrupted rest periods), Defendants willfully violated the provisions of Section 226.7 of the California Labor Code and the applicable Wage Orders.

56.    Under California law, Plaintiff and the Class are entitled to be paid one hour of premium wages rate for each workday he or she was not provided with all required rest break(s), plus interest thereon.

## FIFTH CAUSE OF ACTION

### (Against All Defendants for Failure to Indemnify Necessary Business Expenses)

57.     Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 20 in this Complaint.

58.     Defendants violated Labor Code section 2802 and the IWC Wage Orders, by failing to pay and indemnify the Plaintiff and the Class for their necessary expenditures and losses incurred in direct consequence of the discharge of their duties or of their obedience to directions of Defendants.

59.     As a result, Plaintiff and the Class were damaged at least in the amounts of the expenses they paid, or which were deducted by Defendants from their wages.

60.     Plaintiff and the class they represent are entitled to attorney's fees, expenses, and costs of suit pursuant to Labor Code section 2802(c) and interest pursuant to Labor Code section 2802(b).

## SIXTH CAUSE OF ACTION

### (Against all Defendants for Failure to Pay Wages of Discharged Employees – Waiting Time Penalties)

61.     Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 20 in this Complaint.

62.     At all times herein set forth, California Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

63.     Within the applicable statute of limitations, the employment of Plaintiff and many other members of the Class ended, i.e. was terminated by quitting or discharge, and the employment of others will be.  However, during the relevant time period, Defendants failed, and continue to fail to pay terminated Class Members, without abatement, all wages required to be

CLASS ACTION COMPLAINT

paid by California Labor Code sections 201 and 202 either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

64. Defendants' failure to pay Plaintiff and those Class members who are no longer employed by Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code §§ 201 and 202.

65. California Labor Code § 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty wage from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

66. Plaintiff and the Class are entitled to recover from Defendants their additionally accruing wages for each day they were not paid, at their regular hourly rate of pay, up to 30 days maximum pursuant to California Labor Code § 203.

67. Pursuant to California Labor Code §§ 218.5, 218.6 and 1194, Plaintiff and the Class are also entitled to an award of reasonable attorneys' fees, interest, expenses, and costs incurred in this action.

## SEVENTH CAUSE OF ACTION

### (Against all Defendants for Failure to Provide and Maintain Accurate and Compliant Wage Records)

68. Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 20 in this Complaint.

69. At all material times set forth herein, California Labor Code § 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized wage statement in writing showing nine pieces of information, including: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages

earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

70.    Defendants have intentionally and willfully failed to provide employees with complete and accurate wage statements. The deficiencies include, among other things, the failure to correctly identify the gross wages earned by Plaintiff and the Class, the failure to list the true "total hours worked by the employee," and the failure to list the true net wages earned.

71.    As a result of Defendants' violation of California Labor Code § 226(a), Plaintiff and the Class have suffered injury and damage to their statutorily-protected rights.

72.    Specifically, Plaintiff and the members of the Class have been injured by Defendants' intentional violation of California Labor Code § 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate, itemized wage statements under California Labor Code § 226(a).

73.    Calculation of the true wage entitlement for Plaintiff and the Class is difficult and time consuming. As a result of this unlawful burden, Plaintiff and the Class were also injured as a result of having to bring this action to attempt to obtain correct wage information following Defendants' refusal to comply with many of the mandates of California's Labor Code and related laws and regulations.

74.    Plaintiff and the Class are entitled to recover from Defendants their actual damages caused by Defendants' failure to comply with California Labor Code § 226(a).

75.    Plaintiff and the Class are also entitled to injunctive relief, as well as an award of attorney's fees and costs to ensure compliance with this section, pursuant to California Labor Code § 226(h).

## EIGHTH CAUSE OF ACTION

**(Against all Defendants for Violation of California Business & Professions Code §§ 17200, et seq.)**

18

CLASS ACTION COMPLAINT

76.     Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 20 in this Complaint.

77.     Defendants, and each of them, are "persons" as defined under California Business & Professions Code § 17201.

78.     Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff, other Class members, and to the general public.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

79.     Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code §§ 17200, *et seq.*

80.     A violation of California Business & Professions Code §§ 17200, *et seq.* may be predicated on the violation of any state or federal law.  All of the acts described herein as violations of, among other things, the California Labor Code, are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, fraudulent and unscrupulous, and thereby constitute unfair, unlawful and/or fraudulent business practices in violation of California Business &Professions Code §§ 17200, *et seq.*

**Failure to Pay Minimum Wages**

81.     Defendants' failure to pay minimum wages, and other benefits in violation of the California Labor Code constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq.*

**Failure to Pay Overtime Wages**

82.     Defendants' failure to pay overtime compensation and other benefits in violation of California Labor Code §§ 510, 1194, and 1198 constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq.*

**Failure to Maintain Accurate Records of All Hours Worked**

83.     Defendants' failure to maintain accurate records of all hours worked in accordance with California Labor Code § 1174.5 and the IWC Wage Orders constitutes unlawful and/or

19

unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq.*

**Failure to Provide Meal Periods**

84.    Defendants' failure to provide meal periods in accordance with California Labor Code §§ 226.7 and 512, and the IWC Wage Orders, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq.*

**Failure to Authorize and Permit Rest Periods**

85.    Defendants' failure to authorize and permit rest periods in accordance with California Labor Code § 226.7 and the IWC Wage Orders, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code §§ 17200, *et seq.*

**Failure to Indemnify Necessary Business Expenses**

86.    Defendants' failure to indemnify employees for necessary business expenses in accordance with California Labor Code § 2802 and the IWC Wage Orders, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code §§ 17200, *et seq.*

**Failure to Provide Accurate Itemized Wage Statements**

87.    Defendants' failure to provide accurate itemized wage statements in accordance with California Labor Code § 226, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq.*

88.    By and through their unfair, unlawful and/or fraudulent business practices described herein, the Defendants, have obtained valuable property, money and services from Plaintiff, and all persons similarly situated, and have deprived Plaintiff, and all persons similarly situated, of valuable rights and benefits guaranteed by law, all to their detriment.

89.    Plaintiff and the Class Members suffered monetary injury as a direct result of Defendants' wrongful conduct.

90.    Plaintiff, individually, and on behalf of members of the putative Class, is entitled to, and do, seek such relief as may be necessary to disgorge money and/or property which the Defendants have wrongfully acquired, or of which Plaintiff and the Class have been deprived, by means of the above-described unfair, unlawful and/or fraudulent business practices. Plaintiff and

the Class are not obligated to establish individual knowledge of the wrongful practices of Defendants in order to recover restitution.

91.    Plaintiff, individually, and on behalf of members of the putative class, are further entitled to and do seek a declaration that the above described business practices are unfair, unlawful and/or fraudulent, and injunctive relief restraining the Defendants, and each of them, from engaging in any of the above-described unfair, unlawful and/or fraudulent business practices in the future.

92.    Plaintiff, individually, and on behalf of members of the putative class, have no plain, speedy, and/or adequate remedy at law to redress the injuries which the Class Members suffered as a consequence of the Defendants' unfair, unlawful and/or fraudulent business practices.  As a result of the unfair, unlawful and/or fraudulent business practices described above, Plaintiff, individually, and on behalf of members of the putative Class, has suffered and will continue to suffer irreparable harm unless the Defendants, and each of them, are restrained from continuing to engage in said unfair, unlawful and/or fraudulent business practices.

93.    Plaintiff also alleges that if Defendants are not enjoined from the conduct set forth herein above, they will continue to avoid paying the appropriate taxes, insurance and other withholdings.

94.    Pursuant to California Business & Professions Code §§ 17200, *et seq*., Plaintiff and putative Class Members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and Class Members; an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5 and other applicable laws; and an award of costs.

## **PRAYER FOR RELIEF**

Plaintiff, individually, and on behalf of all others similarly situated only with respect to the class claims, prays for relief and judgment against Defendants, jointly and severally, as follows:

Class Certification

1.     That this action be certified as a class action with respect to the First, Second, Third, Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action;

2.     That Plaintiff be appointed as the representative of the Class; and

3.     That counsel for Plaintiff be appointed as Class Counsel.

<u>As to the First Cause of Action</u>

4.     That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 204 and 1194 and applicable IWC Wage Orders by willfully failing to pay all minimum wages due;

5.     For general unpaid wages as may be appropriate;

6.     For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

7.     For liquidated damages;

8.     For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code § 1194(a); and,

9.     For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Second Cause of Action</u>

10.    That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due;

11.    For general unpaid wages at overtime wage rates as may be appropriate;

12.    For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

13.    For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code § 1194(a); and,

14.    For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Third Cause of Action</u>

15.    That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 226.7 and 512, and the IWC Wage Orders;

CLASS ACTION COMPLAINT

16.    For unpaid meal period premium wages as may be appropriate;

17.    For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

18.    For reasonable attorneys' fees under California Code of Civil Procedure § 1021.5, and for costs of suit incurred herein; and

19.    For such other and further relief as the Court may deem equitable and appropriate.

### As to the Fourth Cause of Action

20.    That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 226.7 and 512, and the IWC Wage Orders;

21.    For unpaid rest period premium wages as may be appropriate;

22.    For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

23.    For reasonable attorneys' fees under California Code of Civil Procedure § 1021.5, and for costs of suit incurred herein; and

24.    For such other and further relief as the Court may deem equitable and appropriate.

### As to the Fifth Cause of Action

25.    That the Court declare, adjudge and decree that Defendants violated Labor Code § 2802 and the IWC Wage Orders;

26.    For general unpaid wages and reimbursement of business expenses as may be appropriate;

27.    For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

28.    For reasonable attorneys' fees and for costs of suit incurred herein; and

29.    For such other and further relief as the Court may deem equitable and appropriate.

### As to the Sixth Cause of Action

30.    That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment;

CLASS ACTION COMPLAINT

31.    For statutory wage penalties pursuant to California Labor Code § 203 for former employees who have left Defendants' employ;

32.    For pre-judgment interest on any unpaid wages from the date such amounts were due;

33.    For reasonable attorneys' fees and for costs of suit incurred herein; and

34.    For such other and further relief as the Court may deem equitable and appropriate.

As to the Seventh Cause of Action

35.    That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code § 226(a) and applicable IWC Wage Orders, and willfully failed to provide accurate itemized wage statements thereto;

36.    For penalties and actual damages pursuant to California Labor Code § 226(e);

37.    For injunctive relief to ensure compliance with this section, pursuant to California Labor Code § 226(h);

38.    For reasonable attorneys' fees and for costs of suit incurred herein; and

39.    For such other and further relief as the Court may deem equitable and appropriate.

As to the Eighth Cause of Action

40.    That the Court declare, adjudge and decree that Defendants violated California Business & Professions Code §§ 17200, *et seq.* by failing to pay wages for all hours worked (including minimum and overtime wages), failing to provide meal periods, failing to maintain accurate records of meal periods, failing to authorize and permit rest periods, and failing to maintain accurate records of all hours worked and meal periods, failing to furnish accurate wage statements, and failing to indemnify necessary business expenses;

41.    For restitution of unpaid wages to Plaintiff and all Class Members and prejudgment interest from the day such amounts were due and payable;

42.    For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code §§ 17200 *et seq.*;

CLASS ACTION COMPLAINT

43.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure § 1021.5;

44.    For injunctive relief to ensure compliance with this section, pursuant to California Business & Professions Code §§ 17200, *et seq.*; and,

45.    For such other and further relief as the Court may deem equitable and appropriate.

<u>As to all Causes of Action</u>

46.    For any additional relief that the Court deems just and proper.

Dated: June 05, 2023                              Respectfully submitted,

                                                  MOON & YANG, APC

                                          By: _____
                                              Kane Moon
                                              Lilit Ter-Astvatsatryan
                                              Edwin Kamarzarian
                                              Attorneys for Plaintiff


**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff demands a trial by jury as to all causes of action triable by jury.

Dated: June 05, 2023                              MOON & YANG, APC

                                          By: _____
                                              Kane Moon
                                              Lilit Ter-Astvatsatryan
                                              Edwin Kamarzarian
                                              Attorneys for Plaintiff

25

CLASS ACTION COMPLAINT

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Kane Moon (SBN 249384); Lilit Ter-Astvatsatryan (SBN 320389)<br>MOON & YANG, APC<br>1055 W. Seventh Street, Suite 1880 Los Angeles, CA 90017<br>TELEPHONE NO.: 213-232-3128    FAX NO. *(Optional):* 213-232-3125<br>E-MAIL ADDRESS: kane.moon@moonyanglaw.com; lilit@moonyanglaw.com<br>ATTORNEY FOR *(Name):* Plaintiff: Florencio Cruz | FOR COURT USE ONLY |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES<br>STREET ADDRESS: 111 N. Hill Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Los Angeles 90012<br>BRANCH NAME: Stanley Mosk | **Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>6/06/2023 5:33 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By R. Lozano, Deputy Clerk** |
| CASE NAME:<br>Cruz v. US Foods, Inc. | |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: **23STCV12869** |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000)    [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [✓] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [✓] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [✓] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary b. [✓] nonmonetary; declaratory or injunctive relief c. [✓] punitive
4. Number of causes of action *(specify):* 8
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 06/05/2023

Kane Moon
► <i>(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)</i>

(TYPE OR PRINT NAME)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice– Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/ Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic relations)*
   Sister State Judgment
   Administrative Agency Award *(not unpaid taxes)*
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-harassment)*
   Mechanics Lien
   Other Commercial Complaint Case *(non-tort/non-complex)*
   Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

For your protection and privacy, please press the Clear This Form button after you have printed the form.

| Print this form | Save this form | | Clear this form |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Cruz v. US Foods, Inc. | 23STCV12869 |

Electronically FILED by
Superior Court of California,
County of Los Angeles
6/06/2023 5:33 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By R. Lozano, Deputy Clerk

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court |
|---|

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| LASC CIV 109 Rev. 01/23 | CIVIL CASE COVER SHEET ADDENDUM | LASC Local Rule 2.3 |
|---|---|---|
| For Mandatory Use | AND STATEMENT OF LOCATION | |

| SHORT TITLE Cruz v. US Foods, Inc. | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Case Type | B Type of Action (check only one) | C Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE | CASE NUMBER |
|---|---|
| Cruz v. US Foods, Inc. | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>          Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE | CASE NUMBER |
|---|---|
| Cruz v. US Foods, Inc. | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation (Continued)** | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Cruz v. US Foods, Inc. | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON: ☑ 1. ☑ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS: |
|---|---|
| **CITY:**        **STATE:**       **ZIP CODE:** | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: 06/05/2023

_____
(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**06/06/2023**<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ R. Lozano _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>23STCV12869 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Lawrence P. Riff | 7 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 06/07/2023
  (Date)

David W. Slayton, Executive Officer / Clerk of Court

By R. Lozano _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

### NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 03 2019

Sherri R. Carter, Executive Officer/Clerk

By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE LOS ANGELES SUPERIOR COURT ) | FIRST AMENDED GENERAL ORDER |
| — MANDATORY ELECTRONIC FILING ) | |
| FOR CIVIL ) | |
| ) | |
| ) | |
| _____ ) | |

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a) **"Bookmark"** A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"** The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"** A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"** Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

1

2019-GEN-014-00

e) **"Electronic Filing Service Provider"**  An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**  For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**  An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**  A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2019-GEN-014-00

d)  Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3)  EXEMPT LITIGANTS

a)  Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b)  Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4)  EXEMPT FILINGS

a)  The following documents shall not be filed electronically:

i)  Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

ii)  Bonds/Undertaking documents;

iii)  Trial and Evidentiary Hearing Exhibits

iv)  Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

v)  Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b)  Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

3

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

5)  ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6)  TECHNICAL REQUIREMENTS

a)  Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image.

b)  The table of contents for any filing must be bookmarked.

c)  Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4).  Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d)  Attachments to primary documents must be bookmarked.  Examples include, but are not limited to, the following:

i)   Depositions;

ii)  Declarations;

iii) Exhibits (including exhibits to declarations);

iv)  Transcripts (including excerpts within transcripts);

v)   Points and Authorities;

vi)  Citations; and

vii) Supporting Briefs.

e)  Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f)  Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g)  Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

4

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.    (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

2019-GEN-014-00

b)  Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing.  A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9)  PRINTED COURTESY COPIES

a)  For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled.  If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b)  Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i)  Any printed document required pursuant to a Standing or General Order;

   ii)  Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii)  Pleadings and motions that include points and authorities;

   iv)  Demurrers;

   v)  Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi)  Motions for Summary Judgment/Adjudication; and

   vii)  Motions to Compel Further Discovery.

c)  Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents.  Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10)  WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a)  Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver.  (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b)  Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and  California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

2019-GEN-014-00

1    11) SIGNATURES ON ELECTRONIC FILING

2         For purposes of this General Order, all electronic filings must be in compliance with California

3    Rules of Court, rule 2.257.  This General Order applies to documents filed within the Civil

4    Division of the Los Angeles County Superior Court.

5

6         This First Amended General Order supersedes any previous order related to electronic filing,

7    and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8    Supervising Judge and/or Presiding Judge.

9

10   DATED:  May 3, 2019                            KEVIN C. BRAZILE

11                                              KEVIN C. BRAZILE
                                                Presiding Judge
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**

Central District, Spring Street Courthouse, Department 7

**23STCV12869**                                                                June 7, 2023
**FLORENCIO CRUZ vs US FOODS, INC.**                                            1:55 PM

Judge: Honorable Lawrence P. Riff          CSR: None
Judicial Assistant: Alfredo Morales         ERM: None
Courtroom Assistant: Teresa Bivins          Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Court Order Re: Newly Assigned Case

By this order, the Court determines this case to be Complex according to Rule 3.400 of the
California Rules of Court. The Clerk's Office has assigned this case to this department for all
purposes.

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one
thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex
fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent
or adverse party, not to exceed, for each separate case number, a total of eighteen thousand
dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties.
All such fees are ordered to be paid to Los Angeles Superior Court, within ten (10) days of
service of this order.

By this order, the Court stays the case, except for service of the Summons and Complaint. The
stay continues at least until the Initial Status Conference. Initial Status Conference is set for
09/01/2023 at 09:00 AM in this department. At least twenty (20) days prior to the Initial Status
Conference, counsel for all parties must discuss the issues set forth in the Initial Status
Conference Order issued this date. Counsel must file a Joint Initial Status Conference Response
Statement five (5) court days before the Initial Status Conference.

The Initial Status Conference Order, served concurrently with this Minute Order, is to help the
Court and the parties manage this complex case by developing an orderly schedule for briefing,
discovery, and court hearings. The parties are informally encouraged to exchange documents and
information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice
of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of
Appearance shall not constitute a waiver of any substantive or procedural challenge to the

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 7

**23STCV12869**
**FLORENCIO CRUZ vs US FOODS, INC.**

June 7, 2023
1:55 PM

Judge: Honorable Lawrence P. Riff
Judicial Assistant: Alfredo Morales
Courtroom Assistant: Teresa Bivins

CSR: None
ERM: None
Deputy Sheriff: None

---

Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to Code of Civil Procedure Section 170.6. Nothing in this order stays the filing of an Amended Complaint pursuant to Labor Code Section 2699.3(a)(2)(C) by a plaintiff wishing to add a Private Attorney General Act ("PAGA") claim.

For information on electronic filing in the Complex Courts, please refer to https://www.lacourt.org/division/efiling/efiling2.aspx#civil. See, in particular, the link therein for "Complex Civil efiling." Parties shall file all documents in conformity with the Presiding Judge's First Amended General Order of May 3, 2019, particularly including the provisions therein requiring Bookmarking with links to primary documents and citations; that Order is available on the Court's website at the link shown above.

For efficiency in communication with counsel, the complex program requires the parties in every new case to use an approved third-party cloud service that provides an electronic message board. In order to facilitate communication with counsel prior to the Initial Status Conference, the parties must sign-up with the e-service provider at least ten (10) court days in advance of the Initial Status Conference and advise the Court which provider was selected.

The court has implemented LACourtConnect to allow attorneys, self-represented litigants and parties to make audio or video appearances in Los Angeles County courtrooms. LACourtConnect technology provides a secure, safe and convenient way to attend hearings remotely. A key element of the Court's Access LACourt YOUR WAY program to provide services and access to justice, LACourtConnect is intended to enhance social distancing and change the traditional in-person courtroom appearance model. See https://my.lacourt.org/laccwelcome for more information.

This Complex Courtroom does not use Los Angeles Superior Court's Court Reservation ("CRS") portal to reserve motion hearing dates. Rather, counsel may secure dates by calling the Courtroom Assistant at 213-310-70xx with the "xx" being the Department number, e.g. Dept. 1 is 01 and Dept. 10 is 10.

Court reporters are not provided for hearings or trials. The parties should make their own arrangements for any hearing where a transcript is desired.

If you believe a party or witness will need an interpreter, see the court's website for information on how to make such a request in a timely manner. https://www.lacourt.org/irud/UI/index.aspx

Counsel are directed to access the following link for further information on procedures in the

---

Minute Order                                                                        Page 2 of 3

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 7

**23STCV12869**                                              June 7, 2023
**FLORENCIO CRUZ vs US FOODS, INC.**                          1:55 PM

Judge: Honorable Lawrence P. Riff          CSR: None
Judicial Assistant: Alfredo Morales         ERM: None
Courtroom Assistant: Teresa Bivins          Deputy Sheriff: None

---

Complex litigation Program courtrooms: https://www.lacourt.org/division/civil/CI0042.aspx.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference Order on all parties forthwith and file a Proof of Service in this department within seven (7) days of service.

Certificate of Mailing is attached.

---

Minute Order                                              Page 3 of 3

FILED
Superior Court of California
County of Los Angeles

JUN 07 2023

David W. Slayton, Executive Officer/Clerk of Court
By: A. Morales, Deputy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| FLORENCIO CRUZ | Case No.: 23STCV12869 |
| Plaintiff, | INIITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION) |
| v. | |
| US FOODS, INC. | Case assigned for all purposes to Judge Lawrence P. Riff Spring Street Courthouse Department 7 |
| Defendant | |
| | ISC Date: September 1, 2023, at 9:00 a.m. |

This case has been assigned for all purposes to Judge Lawrence P. Riff, Complex Litigation, Department 7. PLEASE READ THE COURTROOM INFORMATION FOR DEPARTMENT 7 POSTED ON THE COURT'S WEBSITE (www.lacourt.org.)

The Court has scheduled an Initial Status Conference on September 1, 2023, at 9:00 a.m. in Department 7, Second Floor, 312 North Spring Street, Los Angeles, California 90012. Department 7 utilizes the LACourtConnect video and telephonic

conference platform for hearings.  To minimize social contact and avoid the risk of COVID-19 infection, the Court encourages parties and counsel to appear remotely (via LACourtConnect).  When appearing via telephone or video-conference, please call in from a quiet place and bear in mind that the technology only allows one person to be heard at a time.  Please pause frequently so that the Court can interject questions and direct the discussion to the issues that are most important to the Court.

The purpose of the Initial Status Conference is to identify a fair and efficient way of proceeding with the case.  The Court encourages the parties to propose approaches to case management that will promote the fair and efficient handling of the case.  The Court is particularly interested in identifying dispositive or significant issues that may be addressed early in the case.  For example, if an important issue in the case is the admissibility of critical evidence (such as expert testimony), an early motion *in limine* to decide that issue may be the most efficient way to proceed.  Or, if the Court's interpretation of provisions in a contract is a key issue, it may make sense for the plaintiff to amend the complaint (or the defendant to amend the answer) to attach a copy of the contract so that the court can adjudicate the issue in a demurrer.

The Court orders counsel for all parties to confer via telephone, videoconference or other real time technology, at least **20 days** before the Initial Status Conference.  The purpose of the meeting is to discuss the following issues so that counsel can prepare a Joint Statement to be filed with the Court **five court days** before the Initial Status Conference.

All parties in Department 7 must sign up with an e-service provider and activate a message board so that the Court can communicate with counsel prior to the ISC. The Court orders the parties to agree upon and sign up with an e-service provider (Case Anywhere, File & ServeXpress, or Case Homepage) at least 10 court days before the ISC.   So that the Court can promptly issue an order appointing the e-service provider, the Court orders Plaintiff's counsel to identify the selected e-service provider by sending an email to Dept. 7 at SSCDept7@lacourt.org upon agreement of an e-service provider.

Please remember that electronic service is not the same as electronic filing.

To reserve a hearing date, please telephone the courtroom staff when the motion is ready to be filed.

Plaintiff's counsel should take the lead in preparing the Joint Statement and in ensuring that it includes a brief description of the facts and causes of action and addresses the following questions.

1) Are there any issues of judicial recusal or disqualification?

2) Are any parties improperly named as defendants?

3) Will either side challenge jurisdiction or venue or move to compel arbitration?

4) What are the key legal and factual issues affecting each side's evaluation of this case?

5) Are any of these key issues suitable for an early adjudication? For example, does it make sense for the court to promptly adjudicate a statute of limitation defense, interpret a provision in a statute, adjudicate the adequacy of a class representative, or decide the admissibility of critical evidence?

6) Is the most efficient procedure for presenting key issues to the court a motion, bifurcated trial, motion in limine, motion to certify or deny class certification, or another proceeding?

7) How and when do the parties plan to engage in the various forms of discovery?[1]

8) Does it make sense to bifurcate certain issues for discovery or trial?

9) How will the parties preserve evidence and uniformly identify documents produced in discovery?

10) Do the parties need to execute a joint stipulation for protective order? The court recommends the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

11) Will the parties employ a mediator or ask the Court to order a mandatory settlement conference as a means of alternative dispute resolution (ADR)?

12) Does any party have insurance (indemnity or reimbursement) and are there any potential coverage issues that may affect settlement?

In addition to addressing these questions, the parties' Joint Statement must include the following information.

13) The estimated size of any putative class.[2]

---

[1] If electronically stored information must be produced, the court encourages the parties to have their respective IT consultants/employees participate in the meet and confer process addressing (1) the information management systems employed by the parties; (2) the location and custodians of information (including the identification of network and email servers and hard drives maintained by target custodians); (3) the format in which electronically stored information will be produced; (4) the type of ESI that will be produced, i.e., data files, emails, etc.; (5) appropriate search criteria for focused requests.

[2] In class action/PAGA Initial Status Conferences, the court generally orders the parties to utilize the procedure approved in *Bel-Aire West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, sharing the cost equally.

14) A deadline for adding and serving any new parties.

15) The parties' selected e-service provider (Case Anywhere, FileandServeXpress, or Case Homepage).[3]

16) A description (including case numbers) of any related cases pending in other courts (including class actions with overlapping class definitions).

17) Whether the parties stipulate that discovery and/or pleading stays entered by the Court for case management purposes are excluded from the five year rule under Code of Civil Procedure Section 583.310.

18) A service list identifying all primary and secondary counsel along with their firm names, addresses, telephone numbers, email addresses and fax numbers.

19) Recommended dates and times for the following:

a.  The next status conference.

b.  Mediation completion.

c.  A filing deadline (and proposed briefing schedule) for key motions or proceedings, if any.

To the extent the parties are unable to agree on the matters to be addressed in the Joint Statement, each side may state its position in point/counterpoint fashion.

The Court orders each defendant to file a Notice of Appearance for purposes of identifying and serving all counsel. The Notice of Appearance shall be without prejudice to any affirmative defense, cross complaint, affirmative defense or jurisdictional challenge.

---

[3] E-service does not effectuate a justiciable filing with the court. Uploading a document onto the e-service provider's website provides notice to the court and to the parties but does not place them in the public record or effectuate a filing with the court.

**Except for the filing of a Notice of Related Case or a Motion to Compel Arbitration, the Court stays all other proceedings in this action**. The Court issues the stay to assist the Court and the parties in this "complex" case by ensuring, among other things, an orderly schedule for briefing and hearings on procedural and substantive challenges to the complaint. This stay precludes the filing of any answer, demurrer, motion to strike, or motion challenging the jurisdiction of the Court. The stay does not apply to the filing of a notice of related case or any motion to compel arbitration. Before filing a motion to compel arbitration, the Defendant must provide the plaintiff with a copy of the arbitration agreement and meet and confer with counsel to determine whether the plaintiff will oppose the motion to compel arbitration. Although this stay applies to formal discovery, it does not prevent the parties from informally exchanging documents or information that may assist in their initial evaluation of the issues presented in this case. Any future stay ordered by the Court for purposes of case management is not a stay under Code of Civil Procedure section 583.310 unless the Court so orders.

The Court orders Plaintiffs' counsel to serve this Initial Status Conference Order on counsel for Defendant(s), or if counsel is not known, on Defendant(s) within five (5) days of the date of this Order. If the Complaint has not been served as of the date of this Order, Counsel for Plaintiff must serve the Complaint within five (5) days of the date of this Order.

Dated    JUN 0 7 2023

Lawrence P. Riff
Judge of the Superior Court

<table>
<tr><td colspan="2">

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

</td><td>Reserved for Clerk's File Stamp</td></tr>
<tr><td colspan="2">

COURTHOUSE ADDRESS:
Spring Street Courthouse
312 North Spring Street, Los Angeles, CA 90012

</td><td rowspan="3">

**FILED**
Superior Court of California
County of Los Angeles
06/07/2023
David W. Slayton, Executive Officer / Clerk of Court
By: _____ A. Morales _____ Deputy

</td></tr>
<tr><td colspan="2">

PLAINTIFF/PETITIONER:
Florencio Cruz

</td></tr>
<tr><td colspan="2">

DEFENDANT/RESPONDENT:
US Foods, Inc.

</td></tr>
<tr><td colspan="2">

### CERTIFICATE OF MAILING

</td><td>

CASE NUMBER:
23STCV12869

</td></tr>
</table>

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order Re: Newly Assigned Case) of 06/07/2023, Initial Status Conference Order  upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Kane Moon
Moon & Yang, APC
1055 W 7th St Ste 1880
Los Angeles, CA 90017

David W. Slayton, Executive Officer / Clerk of Court

Dated: <u>06/7/2023</u>

By:  <u>A. Morales</u>
Deputy Clerk

## CERTIFICATE OF MAILING

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

SPRING STREET COURTHOUSE
312 NORTH SPRING STREET
LOS ANGELES, CALIFORNIA 90012

LOS ANGELES CA 900

8 JUN 2023 PM 9 L

US POSTAGE PITNEY BOWES

ZIP 90012    $ 000.84⁰
02 4W
0000373699 JUN. 08. 2023

90017-252955

 **Superior Court of California, County of Los Angeles**

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or decision by a judge or jury.

### Main Types of ADR
1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   #### Mediation may be appropriate when the parties
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   #### Mediation may not be appropriate when the parties
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

**How to Arrange Mediation in Los Angeles County**

Mediation for **civil cases** is voluntary and parties may select any mediator they wish.  Options include:

a.  **The Civil Mediation Vendor Resource List**
    If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

- **ADR Services, Inc.** Assistant Case Manager Janet Solis, janet@adrservices.com (213) 683-1600
- **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept.  Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE:  The Civil Mediation Vendor Resource List program does not accept family law, probate, or small claims cases.**

b.  **Los Angeles County Dispute Resolution Programs.**  Los Angeles County-funded agencies provide mediation services on the day of hearings in small claims, unlawful detainer (eviction), civil harassment, and limited civil (collections and non-collection) cases. https://dcba.lacounty.gov/countywidedrp/

**Online Dispute Resolution (ODR).**  Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.  https://my.lacourt.org/odr/

c.  Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3.  **Arbitration:**  Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome.  In "binding" arbitration, the arbitrator's decision is final; there is no right to trial.  In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.  For more information about arbitration, visit https://www.courts.ca.gov/programs-adr.htm

4.  **Mandatory Settlement Conferences (MSC):**  MSCs are ordered by the Court and are often held close to the trial date or on the day of trial.  The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.  For information about the Court's MSC programs for civil cases, visit https://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website:  https://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

**◆Los Angeles County Bar Association Litigation Section◆**

**◆ Los Angeles County Bar Association
Labor and Employment Law Section◆**

**◆Consumer Attorneys Association of Los Angeles◆**

**◆Southern California Defense Counsel◆**

**◆Association of Business Trial Lawyers◆**

**◆California Employment Lawyers Association◆**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1.  The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

    a.  Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b.  Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c.  Exchange of names and contact information of witnesses;

    d.  Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e.  Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f.  Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g.  Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
(INSERT DATE)                              (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at **www.lacourt.org** under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date: 

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

Date: 

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date: 

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date: 

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date: 

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date: 

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date: 

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:          FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

---

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤  _____
(ATTORNEY FOR PLAINTIFF)

➤  _____
(ATTORNEY FOR DEFENDANT)

➤  _____
(ATTORNEY FOR DEFENDANT)

➤  _____
(ATTORNEY FOR DEFENDANT)

➤  _____
(ATTORNEY FOR _____ )

➤  _____
(ATTORNEY FOR _____ )

➤  _____
(ATTORNEY FOR _____ )

| Print | Save | | Clear |
|---|---|---|---|

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name):   FAX NO. (Optional): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

    ☐    Request for Informal Discovery Conference
    ☐    Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| Print | Save | | Clear |
|---|---|---|---|

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1.  At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2.  The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

    a.  Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

    b.  Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3.  All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

| Print | Save | | Clear |
|---|---|---|---|

# FILED

LOS ANGELES SUPERIOR COURT

MAY 1 1 2011

JOHN A. CLARKE, CLERK
*N. Navarro*
BY NANCY NAVARRO, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

General Order Re                    )    ORDER PURSUANT TO CCP 1054(a),
Use of Voluntary Efficient Litigation  )    EXTENDING TIME TO RESPOND BY
Stipulations                        )    30 DAYS WHEN PARTIES AGREE
                                    )    TO EARLY ORGANIZATIONAL
                                    )    MEETING STIPULATION
_____ )

Whereas the Los Angeles Superior Court and the Executive Committee of the

Litigation Section of the Los Angeles County Bar Association have cooperated in

drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for

use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los

Angeles County Bar Association Labor and Employment Law Section; the Consumer

Attorneys Association of Los Angeles; the Association of Southern California Defense

Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California

Employment Lawyers Association all "endorse the goal of promoting efficiency in

litigation, and ask that counsel consider using these stipulations as a voluntary way to

promote communications and procedures among counsel and with the court to fairly

resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation.  This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

by Code of Civil Procedure section 1054(a) without further need of a specific court order.

DATED: *May 11, 2011*

Carolyn B. Kuhl, Supervising Judge of the
Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)